GRACE E. GRONBACH, Respondent, v. LOUIS G. GRONBACH, Appellant.— Order granting plaintiff's motion for counsel fee and alimony *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

ISRAEL D. HELLER, Respondent, v. E. A. WHITE ORGANIZATION, INC., Appellant, and Another, Defendant.— Order striking out appellant's separate defense reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Upon plaintiff's own showing he knew he was dealing with the agent as such and his agreement was subject to the owner's approval and subject to the latter's rejection of the agreement. Such memoranda as were entered into were tentative. Moreover, there was clearly a mistake of fact, from which the appellant may be entitled to be relieved and which it has a right to allege as an equitable defense. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

JOSEPH HIRSCHHORN, Appellant, v. ISAAC BRAFMAN, Respondent.— Judgment of the County Court of Queens county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

E. GRACE HOLDEN, as Administratrix, etc., of JOHN E. HOLDEN, Deceased, Appellant, v. ANDREW WIGHTMAN, Respondent.— Judgment and order denying new trial reversed upon the law, and new trial granted, with costs to appellant to abide the event. In our opinion, on the facts disclosed in the record in this case, it was error for the learned justice to charge the jury that they might impute negligence to decedent because he took passage in the side-car attached to the motorcycle, and to refuse to charge, as requested by plaintiff, that on the evidence concerning this accident no finding of contributory negligence could be based upon the fact that the boy requested leave and his mother consented that he might ride in the side-car. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

In the Matter of the Application of JOHN F. KAISER Co., INC., Respondent, for a Peremptory Mandamus Order against JOHN A. EHLER, Acting Building Inspector of the Village of Rye, New York, Appellant.— Peremptory mandamus order unanimously affirmed, with ten dollars costs and disbursements. We think the work in question was commenced and continued with the knowledge of the village authorities, and during the course of the work street opening and plumbing permits were duly issued. We think that such action on the part of the village authorities constituted a waiver of the requirement for a building permit.* Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.